GUNTHER, Judge.
We grant the petition for writ of habeas corpus.
Petitioner is charged with grand theft auto. The trial court held a hearing on the state’s petition for detention, which sought to have the petitioner detained on the grounds that he was charged with a serious property crime and (1) had a record of violations prior to hearing, (2) had a record of violent conduct, and (3) had a prior history of being placed on community control.
Section 812.014(2)(c)4, Florida Statutes (1993), lists theft of a motor vehicle as a “serious property crime,” so if the state had been able to prove any of the factors listed in section 39.044(2)(d)l-5, the trial court could have properly ordered the petitioner into detention.
The statute at issue is section 89.044(2)(d), Florida Statutes (1993), which provides in pertinent part:
[A] child taken into custody and placed in nonsecure or home detention care or detained in secure detention care prior to a detention hearing may continue to be detained by the court if:
(d) The child is charged with a serious property crime as described in ... s. 812.-014(2)(c)4 ... and:
1. He has a record of failure to appear at court hearings after being properly notified in accordance with the Rules of Juvenile Procedure;
2. He has a record of law violations prior to court hearings;
3. He has already been detained or has been released and is awaiting the final disposition of his ease;
4. He has a record of violent conduct resulting in physical injury to others; or
5. He is found to have been in possession of a firearm.
At the hearing, the HRS representative stated that there was no “kicker” present in this case, that is, one of the conditions set forth in section 39.044(2)(d) that would permit detention in this case. The trial court stated that in that case, “I have to release him then.” However, the juvenile’s mother asked the court to detain him because she feared that he would run away from home if he were to be returned.
The state has never contended that the petitioner had a history of failing to appear, so it is undisputed that condition one did not apply. At the hearing the state did not rely upon its prior allegation of violent conduct. The state surmised that the court could find that he had a record of law violations prior to court hearings. The state offered no evidence on this issue and all the petitioner’s prior cases had been closed prior to the hearing. The state, again offering no evidence, stated that he was still on community control in a prior ease, but based upon the mother’s representation, the court found that he had completed community control.
Nevertheless, the trial court ordered the petitioner into detention, stating:
I really want to help him. Let me tell you something, I — You know, basically I would release this kid, and the reason I’m doing this is for his own sake.
Not only is there no evidence of any of the section 39.044(2)(d)l — 4 prerequisite conditions in this case, the trial court found that each of the four conditions that were mentioned by the state at the hearing was inapplicable in this case.
In response to the order to show cause issued in this ease, the state argues for the first time that detention was permissible because condition five was met since the petitioner had previously been adjudicated delinquent in a 1993 case in which he had been charged with carrying a concealed firearm. Thus, the trial court made no finding on condition five and appears not to have given it any consideration.
We conclude that the state failed to meet its burden of proving the existence of one or more of the conditions set forth in section 39.044(2)(d). Thus, the trial court was without authority to order pretrial detention for the petitioner in a nonsecure facility. Accordingly, we grant the petition for writ of habeas corpus and remand with directions to enter an order directing the petitioner’s release.
*995 PETITION GRANTED; REMANDED WITH DIRECTIONS.
DELL, C.J., and WARNER, J., concur.